UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NORTHSIGHT MANAGEMENT, LLC,

    Plaintiff,

v.

HOMESTAR PROPERTY SOLUTIONS,
et al.,

    Defendants.

Case No. 2:14-cv-1243
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on Defendant HomeStar Field Services, LLC's Motion to Vacate the Clerk's Entry of Default. For the following reasons, Defendant's Motion [ECF No. 51] is **GRANTED**.

### I.

On August 19, 2014, Plaintiff Northsight Management, LLC filed a Complaint [ECF No. 2] against Defendant HomeStar Property Solutions, LLC ("Property Solutions") for breach of contract, fraud in the inducement, and unjust enrichment. Plaintiff filed a Supplemental Complaint [ECF No. 41] on December 14, 2015, adding HomeStar Field Services, LLC ("Field Services") as a defendant. Defendants allegedly conspired to fraudulently transfer Property Solutions' assets to Field Services.

The summons and Supplemental Complaint were served on Field Services on December 28, 2015. (*See* Proof of Service at PageID 488 [ECF No. 44].) Field Services' Answer was due on January 19, 2016. But Field Services missed that deadline. Thus, on January 25, 2016, Plaintiff filed a request with the Clerk for an entry of default. (Req. for Entry of Default at 1

[ECF No. 48].) The Clerk entered default against Field Services the following day. (Entry of Default at 1 [ECF No. 49].) Field Services has now moved to vacate the Clerk's entry of default under Federal Rule of Civil Procedure 55(c). (Mot. to Vacate at 1 [ECF No. 51].)

## II.

Under Rule 55(c) a court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In assessing whether good cause exists to set aside an entry of default, courts in the Sixth Circuit consider whether "'(1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense [is] meritorious.'" *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838–39 (6th Cir. 2011) (quoting *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983)).[1] Federal courts favor trials on the merits to entries of default. *See United Coin Meter*, 705 F.2d at 846. Thus, "'[a]ny doubt should be resolved in favor of the petition to set aside [a default].'" *Id.* (quoting *Tozer v. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951)). After weighing the three *United Coin Meter* factors, the Court concludes that the balance tips in favor of setting aside the default entered against Field Services. The Court addresses each of the factors in turn.

**A.    Whether the Default Was Willful**

Field Services argues that it unwittingly failed to answer the Supplemental Complaint due to a series of unfortunate miscommunications. Roetzel & Andress ("Defense Counsel") represents Field Services in this litigation and in a similar lawsuit pending in the Franklin County Court of Common Pleas. (Mot. to Vacate at 2–3.) Before February 1, 2016, however, Defense

---

[1] Plaintiff suggests that Field Services must, in order to set aside the default, make a showing of "exceptional circumstances." (Mem. in Opp'n to Mot. to Vacate at 6 [ECF No. 52].) Plaintiff invokes this standard based on its understanding that "relief provided under Rule 60(b) is 'extraordinary.'" (*Id.* (quoting *United States v. Tuerk*, 317 F. App'x 251, 253 (3d Cir. 2009)).) The Court has not entered default judgment against Field Services. As such, Field Services does not seek to set aside a *default judgment* under Federal Rule 60(b). Rather, Field Services seeks to set aside a *default* under Rule 55(c). And that Rule is satisfied under the good cause standard outlined above.

2

Counsel only represented Field Services in the state court litigation. (*Id.*) Field Services apparently misunderstood this limited representation; it believed that Defense Counsel was handling both lawsuits. Thus, Field Services failed to provide Defense Counsel with a copy of the Supplemental Complaint and waited until February 16, 2016 before informing Defense Counsel of the default. (*See id.* at 4.) And although Plaintiff provided Defense Counsel with a courtesy copy of discovery requests in this case on January 13, 2016, Plaintiff did not inform Defense Counsel of the Supplemental Complaint or the request for default. (*Id.*)

Plaintiff rejects these excuses. Plaintiff claims that "it was very clear to [Field Services]" that Defense Counsel's representation extended only to the state court case. (Mem. in Opp'n to Mot. to Vacate at 7 [ECF No. 52].) Indeed, Defendant Property Solutions, which, Plaintiff argues, is "virtually . . . the same" as Field Services, (*id.* at 9,) represented to the Court on November 3, 2015 that it "did not intend to engage counsel to make any further appearance in this matter." (Nov. 4, 2015 Order at 1 [ECF No. 36].) Plaintiff proposes an inspection of the representation agreement between Field Services and Defense Counsel to determine whether Field Services could have reasonably believed that it was represented in the federal case. (*See* Mem. in Opp'n to Mot. to Vacate at 7.) Plaintiff also points out that it had no obligation to inform Defense Counsel of the Supplemental Complaint or to provide a courtesy copy of that document. (*See id.*)

Based on the assertions contained in the parties' filings, the Court is unable to conclude that Field Services willfully failed to answer the Supplemental Complaint. True, Field Services could have made an effort to clarify the miscommunication over Defense Counsel's scope of representation sooner than it did. January 19, 2016—the due date for Field Services' Answer— came and went without Defense Counsel submitting an Answer. The Clerk then entered default

against Field Services on January 26, 2016. Despite these warning signs, Field Services did not confer with Defense Counsel about the matter until February 16. (*See* Mot. to Vacate at 4.) In the context of Rule 55(c), however, "mere negligence or failure to act reasonably is not enough to sustain a default." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 327 (6th Cir. 2010). And in any event, Field Services moved quickly to correct the default once it had communicated with Defense Counsel. After learning of the default on February 16, Defense Counsel filed a Notice of Appearance on February 17 and the present Motion to Vacate on February 19. (Mot. to Vacate at 4.)

Given the uncertainty in the record, the first factor does not weigh in either party's favor. The Court can resolve Field Services' Motion to Vacate without making a conclusive finding as to this factor though, as the remaining factors both weigh in favor of setting aside the default. *Cf. $22,050.00 U.S. Currency*, 595 F.3d at 324–25 ("[O]ur cases make clear that prejudice to the plaintiff and the presence of a meritorious defense are the two most important considerations [under a motion to set aside default]."); *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 293 (6th Cir. 1992) (Given that "defendants came perilously close to articulating the existence of a meritorious defense . . . and demonstrating the absence of substantial prejudice to plaintiffs[,] . . . [i]t would require particularly culpable conduct by defendants to outweigh those two factors and tip the balance toward denial of relief.").

**B.      Whether a Set-Aside Would Prejudice Plaintiff**

Plaintiff contends that it would suffer prejudice if the Court were to set aside the default. Setting aside the default would purportedly delay the case and require Plaintiff to "expend additional time and attorney fees in defending pleadings." (Mem. in Opp'n to Mot. to Vacate at 8.) But allegations of increased litigation expenses generally fail to establish prejudice. *Dassault*,

4

663 F.3d at 842; *see also $22,050.00 U.S. Currency*, 595 F.3d at 325 ("[I]t does not make intuitive sense that simply claiming an increase in litigation cost should be sufficient to establish prejudice. Setting aside default will *always* increase litigation cost to the plaintiff because the plaintiff will actually have to litigate the case."). Plaintiff does not explain how setting aside the default in this case would increase litigation costs to a greater extent than would occur in other cases in which default is set aside. And as to Plaintiff's argument that the case will be delayed, "'[d]elay alone is [an insufficient] basis for establishing prejudice.'" *Dassault*, 663 F.3d at 842 (quoting *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987)). The delay caused by setting aside a default would cause prejudice for Rule 55(c) purposes only if Plaintiff could show that the delay "'will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *Id.* (quoting *INVST Fin. Grp.*, 815 F.2d at 398). Plaintiff does not argue that setting aside the default here will result in lost evidence, discovery difficulties, or greater opportunities for fraud and collusion. And the Court does not see how setting aside the default would result in any of these outcomes. Accordingly, the second factor weighs in favor of Field Services.

**C.     Whether Field Services Has Alleged a Meritorious Defense**

"A defense is 'meritorious' if it is 'good at law.'" *Dassault*, 663 F.3d at 843 (quoting *$22,050.00 U.S. Currency*, 595 F.3d at 326). In turn, a defense is good at law if "'there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *Id.* (quoting *Burrell v. Henderson*, 434 F.3d 826, 834 (6th Cir. 2006)). A defendant need only establish the "'hint of a suggestion'" that he can assert a meritorious defense. *Id.* (quoting *Burrell*, 434 F.3d at 834). Even conclusory assertions may be sufficient to meet this slight burden. (*Id.*)

5

Plaintiff has asserted two claims against Field Services: fraudulent transfer and civil conspiracy. (Supplemental Compl. ¶¶ 66–84 [ECF No. 41].) Plaintiff accuses Defendant Property Solutions of conspiring with and fraudulently transferring assets to Field Services to thwart Property Solutions' creditors. (*Id.* ¶¶ 66–80.) Field Services disputes these claims. With respect to the fraudulent transfer claim, Field Services argues that it acted in good faith and without any intent to defraud Plaintiff. (Mot. to Vacate at 5.) Field Services also insists that it paid fair value for the assets at issue. (*Id.*) And as to the civil conspiracy claim, Field Services asserts that it did not act maliciously toward Plaintiff or engage in any underlying unlawful act. (*Id.*)

Field Services' defenses meet the "good at law" standard. The Ohio Uniform Fraudulent Transfer Act, Ohio Revised Code Chapter 1336, creates a cause of action for a creditor to set aside an allegedly fraudulent transfer of assets. *Fade v. Morris*, 11th Dist. Ashtabula No. 2015-A-0009, 2015-Ohio-5337, ¶ 25. That Chapter outlines several types of fraudulent transfers. As relevant here, "[a] transfer . . . by a debtor is fraudulent as to a creditor . . . if the debtor made the transfer . . . [w]ith an actual intent to hinder, delay, or defraud any creditor of the debtor." O.R.C. § 1336.04(A)(1). A transfer is also fraudulent "if the debtor made the transfer . . . without receiving a reasonably equivalent value in exchange for the transfer . . . and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer." O.R.C. § 1336.05(A). Field Services' assertion that it acted in good faith and paid fair value for the assets at issue, although conclusory, establishes the possibility that Field Services could state a meritorious defense to the fraudulent transfer claim. Likewise, Field Services' assertion that it did not act maliciously toward Plaintiff or engage in any underlying unlawful act establishes the possibility that Field Services could state a meritorious defense to the civil conspiracy claim.

6

*Peirce v. Szymanski*, 6th Dist. Lucas No. L-11-1298, 2013-Ohio-205, ¶ 21 (Under Ohio law a civil conspiracy entails "'(1) a malicious combination, (2) involving two or more persons, (3) causing injury to person or property, and (4) the existence of an unlawful act independent from the conspiracy itself.'" (quoting *State ex rel. Fatur v. Eastlake*, 11th Dist. No. 2009-L-037, 2010-Ohio-1448, ¶ 45)). The third factor thus weighs in Field Services' favor.

In sum: (1) the Court cannot conclude that Field Services' default was willful; (2) setting aside the default against Field Services would not prejudice Plaintiff; and (3) Field Services may have a meritorious defense to Plaintiff's claims. Weighing the *United Coin Meter* factors, the Court concludes that good cause exists under Rule 55(c) to set aside the default against Field Services.

### III.

For the foregoing reasons, Defendant Field Services' Motion to Vacate [ECF No. 51] is **GRANTED**, and the Clerk's Entry of Default [ECF No. 49] is **VACATED**.

**IT IS SO ORDERED.**

5-20-2016
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**